IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CLINTON ROLAND, | No. C 04-4623 MJJ |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| A.K. SCRIBNER, | |
| Respondent. | |

### INTRODUCTION

Before the Court is Respondent A.K. Scribner's ("Respondent") Rule 12(b)(6) Motion to Dismiss Petitioner Charles Roland's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). For the following reasons, the Court **GRANTS** Respondent's motion.

### FACTUAL BACKGROUND

On December 30, 1995, Petitioner was driving by the San Jose home of Donna Sylvia ("Sylvia"), Petitioner's wife from whom he was separated. When Petitioner saw a man enter Sylvia's house, he parked his car and looked through the windows of the house. Seeing two couples inside socializing with Sylvia, Petitioner entered the house. Once inside, Petitioner stabbed Anthony Ruiz ("Ruiz") once in the stomach, stabbed Mike Novello ("Novello") repeatedly in the stomach and chest, and cut Sylvia's face and back. Petitioner then left the house and walked down the driveway, where he encountered a neighbor, Jason Jeffrey ("Jeffrey"). Petitioner stabbed Jeffrey to death.

Petitioner then left the scene. Later, Petitioner turned himself in to the police, reporting that he was the man they were looking for because he had "just killed three people."

On June 17, 1996, Petitioner was charged with:

Count 1: murder of Jason Jeffrey with personal use of a deadly weapon;
Count 2: attempted murder of Anthony Ruiz with personal use of a deadly weapon and infliction of great bodily injury;
Count 3: attempted murder of Michael Novello with personal use of a deadly weapon and infliction of great bodily injury; and
Count 4: assault with a knife on Donna Sylvia with great bodily injury.

On October 7, 1996, a jury found Petitioner guilty of Counts 1 and 3; not guilty of the attempted murder of Ruiz, but guilty of the lesser-included offense of Count 2 – assault with a deadly weapon with great bodily injury; and not guilty of Count 4. On November 4, 1996, Petitioner was sentenced to consecutive terms of 16 years to life on Count 1 and 15 years (later reduced) on Counts 2 and 3.

On July 17, 1998, the California Court of Appeal for the Sixth Appellate District affirmed the conviction, but reversed with respect to Count 3 on the ground that the trial court failed to instruct the jury on a lesser-included offense. On November 18, 1998, in accordance with the Court of Appeal mandate, the trial court reduced Count 3 to voluntary manslaughter. After re-sentencing, Petitioner's total term on Counts 2 and 3 was 11 years and 6 months in prison, followed by an indeterminate term of 16 years to life.

On February 13, 2004, Petitioner filed a Petition for Writ of Habeas Corpus in Santa Clara County Superior Court. On April 16, 2004, that petition was denied. On May 10, 2004, Petitioner re-filed his petition with California Court of Appeal, Sixth Appellate District. On July 8, 2004, that petition was denied. On July 19, 2004, Petitioner re-filed his petition in the California Supreme Court. That petition was denied on September 22, 2004, in a decision that became effective on October 21, 2004.[1] On November 1, 2004, having exhausted his state court remedies, Petitioner filed a Petition for Writ of Habeas Corpus with this Court. Respondent then filed the instant motion to dismiss on the grounds that the Petition is untimely.

---

[1] "Rule 24 of the California Rules of Court provides that 'a decision of the Supreme Court becomes final 30 days after filing.' Under Rule 24, a denial of a habeas petition within the California Supreme Court's original jurisdiction is not final for 30 days (and therefore is subject to further action during that time)." *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001) (per curiam).

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on applications for writs of habeas corpus for persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been recognized by the Supreme Court and made applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A–D). The time during which a properly-filed petition for state post-conviction relief (e.g. a habeas petition filed in state court) is pending "shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

In the context of a petition for a writ of habeas corpus brought under 28 U.S.C. § 2244, the respondent may file a motion to dismiss in lieu of an answer on the merits where the petition is procedurally defective, e.g., if the petition was not timely filed. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

## ANALYSIS

Respondent contends that Petitioner's habeas petition should be dismissed because it was not timely filed. Petitioner claims, to the contrary, that his petition is not barred by AEDPA's statute of limitations because he is entitled to statutory and equitable tolling. There is no dispute that Petitioner's judgment became final on January 17, 1999[2] and that the instant federal habeas petition was not filed with this Court until November 1, 2004. Thus, under AEDPA, absent tolling, the statute of limitations would have run on January 17, 2000. There is also no dispute that much of the 2004 calendar year is excluded from the calculation of the limitations period here because Petitioner

---

[2] This date is arrived at by adding 60 days (the amount of time Petitioner had to appeal pursuant to California Rule of Court 30.1) to the date he was re-sentenced (November 18, 1998).

3

filed (unsuccessful) state habeas petitions during this period (first, with the trial court; then, with the state appellate court; and finally, with the California Supreme Court). The time during which those petitions were pending is excluded from the limitations period pursuant to 28 U.S.C. § 2244(d)(2). Those respective petitions were pending from February 13, 2004, until April 16, 2004; from May 10, 2004, until July 8, 2004; and from July 19, 2004, until October 21, 2004. The instant petition was then filed on November 1, 2004. Thus, assuming the 20-month gap is tolled, with the exception of 46 days that would be counted in the limitations period,[3] the period from February 13, 2004, until the present is excluded from the limitations period calculation. At issue is whether any portion of the period between January 17, 1999, and February 13, 2004, should be statutorily or equitably tolled such that Petitioner's federal habeas petition is rendered timely.

Petitioner contends first that he is entitled to statutory or equitable tolling for the 20-month gap between the date his state court judgment became final (January 17, 1999) and when he hired counsel to represent him in seeking federal habeas relief (September 2000) because during that period, he (through his father) exercised due diligence in searching for counsel. Petitioner next contends that most of the period between September 2000 (when he hired counsel) and February 2004, when the first state habeas petition was filed, should be statutorily and equitably tolled because Petitioner's attorney was diligently investigating Petitioner's case during that time and could not have discovered the factual predicate of Petitioner's claims until March 2003 at the earliest.

According to Respondent, Petitioner has failed to explain his inactivity during the 20-month gap between the date upon which Petitioner's judgment became final (January 17, 1999) and the date he retained habeas counsel (September 2000). Thus, Respondent contends, AEDPA's one-year limitations period, which began to run on January 17, 1999, has expired. Respondent argues that the Court need not reach Petitioner's other tolling arguments (explaining his failure to act between

---

[3] The 46 days is arrived at by adding the 24 days between the denial of Petitioner's first state court habeas petition (on April 16, 2004) and his re-filing the habeas petition with the state appellate court (on May 10, 2004), with the 11 days between the denial of the second state habeas petition (on July 8, 2004) and his re-filing the petition with the California Supreme Court (on July 19, 2004), with the 11 days between the state Supreme Court's denial (on October 21, 2004) and Petitioner's filing of the instant federal habeas petition in this Court (on November 1, 2004).

4

September 2000 and February 2004) since the statute of limitations had long since run. Respondent contends that the factual predicate discovered by counsel in March 2003 was *discoverable* long before that and that statutory tolling is not warranted on that basis. The Court agrees with Respondent and finds that no tolling is warranted.

### A.     Statutory Tolling of the 20-Month Gap Is Not Warranted.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), AEDPA's limitations period does not begin to run until the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. Here, Petitioner appears to claim that because his father diligently searched for counsel to represent Petitioner in his pursuit of habeas relief and was unable to find an attorney for his son until September 2000, the Court should find that Petitioner is entitled to statutory tolling of that 20-month period of delay. The Court disagrees. Due diligence, under subsection (D), has been found where facts previously undiscoverable come to light through a petitioner's due diligence. There is no case law suggesting that subsection (D) was intended to encompass a petitioner's diligent search for an attorney. In fact, habeas petitioners have no right to counsel. Thus, Petitioner could have filed a timely petition *pro se* during that 20-month period. His failure to do so suggests a lack of diligence. Furthermore, the Court notes that even if a diligent search for habeas counsel did trigger subsection (D), here, Petitioner has not demonstrated his own diligence in that search.

### B.     Equitable Tolling of the 20-Month Gap is Not Warranted.

Petitioner also appears to argue that he is entitled to equitable tolling of the 20-month interval of inaction due to his father's diligent search for an attorney to represent Petitioner in his pursuit of post-conviction relief. The Court finds that equitable tolling is not warranted on this record.

The Ninth Circuit Court of Appeals has "recognized that AEDPA's statute of limitations provision is subject to equitable tolling." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing *Calderon v. United States Dist. Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998) (en banc). The Ninth Circuit has "made clear, however, that equitable tolling is

'unavailable in most cases.'" *Miranda*, 292 F.3d at 1066 (citing *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Indeed, equitable tolling is "appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Miranda*, 292 F.3d at 1066 (citing *Beeler*, 128 F.3d at 1288 (emphasis added by *Miranda*)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066 (citing *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

In *Olivares v. Lewis*, 2001 U.S. Dist. LEXIS 15445, *1 (N.D. Cal. Sept. 24, 2001), a habeas petitioner argued that the limitations period should be equitably tolled because his family retained an attorney to collaterally attack the state court conviction and the attorney neglected to file any petition. The court found the petitioner's argument "unavailing," reasoning that "[a]n attorney's failure to file a timely petition in a noncapital case does not warrant equitable tolling because it does not render it impossible for the petitioner to file for habeas relief pro se." *Id*. at *4 (citing *Frye v. Hickman,* 258 F.3d 1036, slip op. 10163, 10167 (9th Cir. 2001)). The court found that the retained counsel's failure to file a timely petition did not constitute "an extraordinary circumstance beyond [the petitioner's] control . . . ." *Id*. Additionally, in *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001), the Eighth Circuit Court of Appeals held that "an unsuccessful search for counsel was not an extraordinary circumstance warranting equitable tolling."

Here, to explain the 20-month gap between January 1999 and September 2000 when he retained federal habeas counsel, Petitioner says only that his father was diligently searching for an attorney. Because Petitioner was not entitled to an attorney in the first instance, and, in fact, could have filed for habeas relief *pro se*, the Court finds that the reason for the delay proffered by Petitioner does not constitute an extraordinary circumstance warranting equitable tolling.

**C.      That Petitioner's Counsel Did Not Discover the Factual Predicate Underlying Many of Petitioner's Claims Does Not Alter the Result**.

Petitioner argues that even if he is not entitled to statutory or equitable tolling on the grounds that his father was diligently searching for a federal habeas lawyer, he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(D) because his attorney could not have discovered the factual predicate underlying several of his claims until, at the very earliest, March 2003. Respondent

1  contends that Petitioner does not meet the requirements of subsection (D) here because even if
2  Petitioner's counsel did not discover the factual predicate underlying Petitioner's claims until 2003,
3  the facts were there to be discovered and with due diligence, Petitioner could have discovered them
4  far sooner.  The Court agrees with Respondent.
5        Pursuant to subsection (D), the limitations period begins "when the prisoner knows (or
6  through due diligence could discover) the important facts, not when the prisoner recognizes their
7  legal significance."  *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (citation omitted).
8  Petitioner's best arguments in this regard center on Petitioner's counsel's March 2003 discovery that
9  Petitioner's trial counsel had previously represented two of the witnesses against Petitioner (one of
10  whom was one of the victims) in separate cases, creating a possible conflict of interest, and trial
11  counsel's failure to investigate the criminal histories and past drug use of three of the prosecution
12  witnesses.  But there is nothing special about March 2003 here.  Through due diligence, Petitioner
13  (on his own or through earlier-hired counsel) could have discovered the very facts that underlie his
14  claims of ineffective assistance of counsel and prosecutorial misconduct.  Had he hired diligent
15  counsel sooner or had he otherwise begun an investigation into his underlying case, he could have
16  discovered, long before March 2003, that his trial attorney had previously represented two of the
17  prosecution witnesses and that his attorney failed to look into their criminal histories.  Just because
18  Petitioner did not discover these facts until March 2003 does not render them undiscoverable until
19  that time under subsection (D) and does not justify his failure to file a federal habeas petition until
20  nearly six years after his state court judgment became final.
21        —
22        Having determined that Petitioner is not entitled to statutory or equitable tolling on the 20-
23  month gap of inactivity between January 17, 1999, and September 2000, the Court finds that
24  AEDPA's limitations period expired on January 17, 2000.  The Court need not consider Petitioner's
25  additional tolling arguments for the period of time between September 2000 and February 2004.
26  ///
27  ///
28  ///

7

///

///

### CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition for a writ of habeas corpus for untimeliness is **GRANTED**.  Petitioner's application for a writ of habeas corpus is hereby **DISMISSED** with prejudice.

This Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: September_ 8__, 2005

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE